DECISION
{¶ 1} Earthco, Inc., plaintiff-appellant, appeals a decision of the Franklin County Court of Common Pleas. The trial court granted a motion for summary judgment filed by BBI Realty, Inc., defendant-appellee.
{¶ 2} On October 31, 2000, appellant filed a complaint against appellee alleging that on or about September 1, 2000, appellee presented a real estate purchase contract to appellant offering to sell property located at 4041 Roberts Road, in Columbus, Ohio. Appellant claimed that appellee's offer was promptly accepted and $10,000 was delivered to appellee as a deposit toward the purchase of the property. Appellant further alleged that on or about October 4, 2000, $218,213.41 was tendered to appellee for the purchase of the property. However, appellant stated that appellee failed and refused to convey the property even though appellant had performed all other obligations outlined in the contract. Appellant requested that the court require appellee to specifically perform the obligations under the contract by conveying the title of the property to appellant.
{¶ 3} On December 1, 2000, appellee filed its answer and counterclaim against appellant. Appellee agreed that the parties entered into a contract for the purchase of real estate located at 4041 Roberts Road on or about September 3, 2000. Appellee also stated that pursuant to that contract, appellant agreed to enter into a lease agreement and an agreement for a continuing encroachment license permitting appellee ingress and an easement to a cellular tower site on the property. Appellee contended that appellant "failed, and continues to fail, to agree to grant [appellee] said lease and encroachment rights and otherwise refuses to close the transaction amounting to a breach of the contract." Appellee also asserted that appellant had commenced the lawsuit "in order to attempt to exert undue influence and pressure on [appellee] to negotiate additional terms and/or terms to the contract that would be more beneficial to [appellant]."
{¶ 4} On August 30, 2001, appellee filed a motion for summary judgment arguing that the title and interest relative to the cellular tower site was an essential term of the real estate purchase agreement. Appellee stated that appellant "knowingly and intelligently" refused to enter into agreements that were prepared at the time of closing and, therefore, appellee was justified in refusing to transfer title. The trial court granted appellee's motion for summary judgment finding that appellant could not seek specific performance for the transfer of title of the real estate because appellant breached the real estate purchase agreement by failing to make any attempts to negotiate a lease or license for encroachment for the cellular tower. The trial court's decision was incorporated in a judgment entry filed on November 26, 2001. Appellant appeals this decision and presents the following assignment of error:
{¶ 5} "The trial court erred to the prejudice of the plaintiff-appellant, by granting defendant/appellee's motion for summary judgment when genuine issues of material fact existed."
{¶ 6} Appellant argues in its assignment of error that the trial court erred when it granted appellee's motion for summary judgment when genuine issues of material fact existed. Appellant claims the trial court did not address the issue of what constituted a contract between the parties. Appellant argues that the contract provided by appellee was complete in all terms and should be accepted as a complete contract.
{¶ 7} Pursuant to Civ.R. 56(C), summary judgment is appropriate when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Zivich v. Mentor Soccer Club, Inc. (1998),82 Ohio St.3d 367, 369-370; Bishop v. Waterbeds `N' Stuff, Franklin App. No. 01AP-1105, 2002-Ohio-2422, at ¶ 7.
{¶ 8} Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party. Welco Industries, Inc. v. Applied Cos. (1993),67 Ohio St.3d 344, 346. "Even the inferences to be drawn from the underlying facts contained in the evidentiary materials, such as affidavits and depositions, must be construed in a light most favorable to the party opposing the motion." Hannah v. Dayton Power Light Co. (1998), 82 Ohio St.3d 482, 485. When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court. Markowitz v. Ohio Dept. of Ins. (2001), 144 Ohio App.3d 155, 160.
{¶ 9} In order for a party to have relief in the form of specific performance, the terms of the contract at issue must be complete and free from doubt or ambiguity and make the precise act which is to be done clearly ascertainable. Carnahan v. Weeks (May 21, 1999), Montgomery App. No. 17302. Courts should not specifically enforce a contract that is uncertain. Progress Properties, Inc. v. Baird (Oct. 23, 1997), Cuyahoga App. No. 70286, discretionary appeal not allowed (1998), 81 Ohio St.3d 1447, following Mr. Mark Corp. v. Rush, Inc. (1983), 11 Ohio App.3d 167. "Specific performance will not be decreed where the terms of the contract are indefinite as to any material feature to be performed by either party, or if they are left open for future determination by the parties, or they are so uncertain or equivocal in their meaning that the intention of the parties in regard thereto cannot be determined." Smith v. Littrell (Dec. 17, 2001), Preble App. No. CA2001-02-004.
{¶ 10} In the present case, a real estate purchase contract was submitted as evidence of the parties' agreement to transfer the property from appellee to appellant. The parties' attorneys signed the agreement. Section 10.4 of the contract states:
{¶ 11} "[Appellee] is the owner and lessor of a cellular `tower site' on 2,500 square feet adjacent to [appellee's] remaining 4 acre site which will constitute an encroachment on the property being transferred. [Appellant] and [appellee] shall enter into an Agreement as set forth on Exhibit `B' to this Agreement for the continuing encroachment license and shall further enter into a Lease Agreement for an ingress and easement to the tower site as set forth in Exhibit `C' to this Agreement, all according to the terms and conditions of said Agreements."
{¶ 12} The interpretation of clear, unambiguous contract terms is a question of law and generally courts presume that the intent of the parties to a contract resides in the language they chose to employ in the agreement. ADR Assoc. Ltd., v. Fe-Po, Inc. (Mar. 26, 2002), Franklin App. No. 01AP-814. The use of the word "shall" in Section 10.4 shows that the parties intended to have the continuing encroachment license and the lease agreement essential terms of the contract. Without the adoption of the continuing encroachment license and the lease agreement, the contract for the transfer of the property would be uncertain and, therefore, specific performance would not be an available remedy.
{¶ 13} A review of the record shows that the parties never agreed to a "continuing encroachment license" or a lease agreement for an ingress and easement to the tower site. Appellee produced two unsigned documents titled "Lease Agreement" and "License for Continuation of Encroachment" and claims that these were Exhibits B and C as stated in the contract. Appellee claims appellant refused to sign these documents and that the parties never reached an agreement concerning the issues involving the cellular tower site. Appellant has not produced evidence of any agreement between the parties concerning the cellular tower site and instead argues that Section 10.4 "is severable from the remaining contract and separately enforceable." Therefore, no agreement was reached between the parties regarding this essential term of the contract.
{¶ 14} Accordingly, we find that the trial court correctly concluded that appellant could not seek specific performance for the transfer of title of the real estate and properly granted appellee's motion for summary judgment. Appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
KLATT and BOWMAN, JJ., concur.